# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ERIKA BOYD

VERSUS

BURL CAIN, ET AL

CIVIL ACTION

NO. 12-742-SDD-SCR

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] by the Defendants, Louisiana State Penitentiary ("LSP") and the Louisiana Department of Public Safety. An *Opposition*[2] to this motion was filed by Plaintiff, Erika Boyd. The Defendants contend that Plaintiff, who was employed as a guard at the LSP in Angola, Louisiana, was terminated for sleeping on the job, falsifying the logbook to reflect that she had made required rounds when she had not, and creating a breach of security in the prison. The record reflects that, subsequent to her termination, the Plaintiff was afforded, and participated in, an administrative hearing, an appeal of the results of the first level hearing, an appeal to the Secretary's Office at the Department of Corrections' headquarters, and finally an appeal to Civil Service.[3] It is undisputed that Plaintiff's termination was upheld

---

[1] Rec. Doc. No. 21.

[2] Rec. Doc. No. 25.

[3] Rec. Doc. No. 21-1, Exhibits D, E, F, G, H, I, & J.

Doc 1186                    1

at all four levels.

Plaintiff filed this lawsuit alleging race discrimination, Title VII retaliation, and a violation of due process under the United States Constitution.[4]   The Defendants have moved for summary judgment arguing that Plaintiff's race discrimination claim is prescribed,[5] that Plaintiff cannot sustain her burden under Title VII to prove retaliation as it had a legitimate, non-discriminatory reason for her termination, and that Plaintiff was clearly provided due process in the four-level administrative review of her termination.

Plaintiff submitted an *Opposition* memorandum that is less than two pages in length.[6]   Plaintiff cites a portion of Rule 56 of the Federal Rules of Civil Procedure, then directs the Court to Plaintiff's Deposition, attached as a 101 page exhibit,[7] and contends that all of the disputed facts which controvert the Defendants' motion are contained therein. Plaintiff's *Opposition* utterly fails to address Defendants' arguments that her race discrimination claim is prescribed or that she was denied due process.  The law is clear that, "[i]f a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal."[8]  Plaintiff's minimal argument, to which no authority is cited in support, addresses only her retaliation claim.  Under similar circumstances, one court noted as follows:

---

[4] Plaintiff's other claims were previously dismissed.  *See* Rec. Doc. No. 18.

[5] Defendants claim that Plaintiff received her Right to Sue Letter from the EEOC in June of 2009 but did not file suit until October of 2012, more than three years after receipt of her notice.  *See* Rec. Doc. No. 21-1, Exhibit A.

[6] Rec. Doc. No. 25.  The Court notes that counsel's briefing falls woefully short of the standards expected by this Court.

[7] Rec. Doc. No. 25-2.

[8] *Kennan v. Tejada*, 290 F.3d 252, 262 (5th Cir. 2002).

[A] plaintiff met with a motion for summary judgment must respond to the motion with more than conclusory allegations and is required by applicable law and jurisprudence to cite particular facts and authority in opposition thereto.[9] The vast majority of the arguments advanced by defendants have been met with only vague assertions of disputed material facts, unaccompanied by even a single citation to jurisprudence or even assorted 'exhibits' filed with plaintiff's woefully non-descript opposition. This court takes very seriously its role with respect to motions filed before it and always endeavors to carefully inspect the law and arguments at issue, but will not construct plaintiff's suit for him by inferring opposing arguments not advanced."[10]

This Court believes the foregoing language applies with equal force to the *Opposition* submitted by the Plaintiff in this matter. Moreover, as Plaintiff failed to comply with Local Rule 56.2 in submitting "a separate, short and concise statement of **material facts as to which there exists a genuine issue to be tried**," the Court is required to deem admitted the undisputed facts asserted by the moving party.[11] Plaintiff submitted a *Statement of Undisputed Facts* which presents seven (7) "facts" not in dispute.[12] None of these facts controvert any of the facts alleged as undisputed by Defendants.[13] Furthermore, Local Rule 56.2 requires Plaintiff to submit **disputed** facts as to which there is a genuine issue to be tried. Thus, summary judgment is appropriate on all of Plaintiff's claims.

---

[9] *Hymes v. City of Natchitoches*, No. 10-1167, 2012 WL 4855444, at *12 (W.D. La. 10/10/12), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushids Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

[10] *Id.*

[11] LR 56.2 (emphasis added). *See also Dorvin v. 3901 Ridgelake Drive, LLC*, No. 11-CV-696, 2012 WL 3065453, at *3 (E.D. La. 2012)("[T]he consequence of non-compliance with LR 56.2 requires that unless the opposing party controverts the facts given by the moving party, 'all material facts in the moving party's statement will be deemed admitted, for purposes of the motion.'")

[12] Rec. Doc. No. 25-1.

[13] Rec. Doc. No. 21-2.

Therefore, for the reasons set forth above, the Defendants' *Motion for Summary Judgment*[14] is GRANTED.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this _17_ day of March, 2014.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[14] Rec. Doc. No. 21.

Doc 1186                              4