UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIKA BOYD

VERSUS

BURL CAIN, ET AL

CIVIL ACTION

NO. 12-742-SDD-SCR

### RULING

On April 16, 2014, Plaintiff Erika Boyd filed a *Notice of Appeal*[1] with the Fifth Circuit following the *Ruling*[2] and *Judgment*[3] entered against her by this Court on March 17, 2014. Immediately following this *Notice of Appeal*, the Plaintiff also filed a *Motion to Vacate Order on Motion for Summary Judgment*.[4]

The law is clear that "[w]ith narrow exceptions, '[a] district court loses all jurisdiction over matters brought to the court of appeals upon the filing of a notice of appeal.'"[5] The U.S. Supreme Court has explained, "[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the

---

[1] Rec. Doc. No. 28.

[2] Rec. Doc. No. 26.

[3] Rec. Doc. No. 27.

[4] Rec. Doc. No. 29.

[5] *Plaquemines Holdings, L.L.C. v. CHS, Inc.*, No. 11-3149, 2013 WL 6332151 at *2 (E.D. La. Dec. 5, 2013)(quoting *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 190 (5th Cir.1999)).

district court of its control over those aspects of the case involved in the appeal."[6]

Thus, because the Court now lacks jurisdiction over Plaintiff's case, the *Motion to Vacate*[7] is DENIED. Likewise, the subsequent *Motion for Extension of Time to File Notice of Appeal*[8] is also DENIED as Plaintiff has already appealed to the Fifth Circuit.

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this 28 day of April, 2014.

*[signature]*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[6] *Griggs v. Provident Consumer Dis. Co.*, 459 U.S. 56, 58 (1982).

[7] Rec. Doc. No. 29.

[8] Rec. Doc. No. 31.